IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIRTUAL IMMERSION TECHNOLOGIES LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE COCA-COLA COMPANY,<br><br>　　　　　　　　　　Defendant. | C.A. No. 19-430-CFC |

**DEFENDANT THE COCA-COLA COMPANY'S
OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS FOR
<u>FAILURE TO STATE A CLAIM</u>**

Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
MCCARTER & ENGLISH, LLP
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
(302) 984-6301
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant*

**TABLE OF CONTENTS**

I. STATEMENT OF STAGE AND NATURE OF THE PROCEEDINGS .......................... 1

II. SUMMARY OF ARGUMENT: DISMISSAL IS PROPER UNDER RULE 12(b)(6) BECAUSE VIT FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT ........... 1

III. LEGAL STANDARDS: TO AVOID DISMISSAL, A COMPLAINT MUST PLAUSIBLY ALLEGE INFRINGEMENT ...................................................................... 2

IV. STATEMENT OF FACTS ............................................................................................. 3

    A. The '599 Patent Requires an "Immersive Virtual Reality Environment" ............... 3

        1. An "Immersive Virtual Reality Environment" Must Have at Least a 25-Degree Field of View ............................................................ 4

        2. An "Immersive Virtual Reality Environment" Must Use 3D Graphics to Create the Illusion of a Computer-Generated Environment ............................................................................................ 4

        3. The '599 Patent Disclaims Trumbull—a System Using Live Video and Computer Graphics—as Insufficiently "Immersive" .......................... 5

    B. The Accused Product Facilitates Communication and Document Sharing While Maintaining Contact with the User's Real-World Environment .................. 6

        1. The Accused Product Has a 15-Degree Field of View .............................. 8

        2. The Accused Product Allows the User to Communicate While Maintaining Maximum Contact with a Real-World Environment ............. 9

V. ARGUMENT: THE COMPLAINT FAILS TO PLAUSIBLY PLEAD INFRINGEMENT ........................................................................................................... 10

    A. While the '599 Patent Requires a Greater than 25-Degree Field of View, the Accused Product Is Limited to a 15-Degree Field of View ........................... 10

    B. The Accused Product Cannot Generate a Virtual Environment and Does Not Use 3D Graphics ................................................................................... 10

    C. The Accused Product Is Less "Immersive" than Trumbull, Which the '599 Patent Disclaimed as *Not* Sufficiently "Immersive" ........................................... 11

    D. Dismissal Is Proper Where the Pled Facts Demonstrate—As Here—The Implausibility of Infringement ................................................................................ 12

VI. CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Amgen Inc. v. Coherus Biosciences Inc.*,
   C.A. No. 17-546-LPS, 2018 WL 1517689 (D. Del. Mar. 26, 2018) ........................................13

*Andover Healthcare, Inc. v. 3M Co.*,
   C.A. No. 13-843-LPS, 2015 WL 2227786 (D. Del. May 11, 2015)..........................................5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................................2

*In re Chemed Corp., S'holder Derivative Litig.*,
   2015 WL 9460118 (D. Del. Dec. 23, 2015)..............................................................................6

*Cumberland Pharm. Inc. v. Sagent Agila LLC*,
   C.A. No. 12-825-LPS, 2013 WL 5913742 (D. Del. Nov. 1, 2013) .........................................13

*Desenberg v. Google, Inc.*,
   392 F. App'x 868 (Fed. Cir. 2010) ......................................................................................2, 13

*Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*,
   72 F. Supp. 3d 521 ....................................................................................................................6

*Howard v. Ford Motor Co.*,
   C.A. No. 16-127, 2016 WL 4077260 (S.D. Miss. July 29, 2016) ..........................................13

*Intel Corp. v. Broadcom Corp.*,
   172 F. Supp. 2d 478 (D. Del. 2001)..........................................................................................5

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
   C.A. No. 12-193-LPS, 2015 WL 1393386 (D. Del. Mar. 24, 2015) ........................................5

*Johnson v. City of Shelby*,
   135 S. Ct. 346 (2014).................................................................................................................2

*Lum v. Bank of Am.*,
   361 F.3d 217 (3d Cir. 2004).......................................................................................................6

*Markman v. Westview Instruments, Inc.*,
   52 F.3d 967 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996) ........................................................4

*Ottah v. Fiat Chrysler*,
   884 F.3d 1135 (Fed. Cir. 2018)............................................................................................2, 12

ME1 31084105v.2

## I.     STATEMENT OF STAGE AND NATURE OF THE PROCEEDINGS

Plaintiff Virtual Immersion Technologies LLC ("VIT") alleges infringement of U.S. Patent No. 6,409,599 ("the '599 patent"). The claims of this patent are directed to an "immersive virtual reality environment." '599 patent, 16:5–38. The Cola-Cola Company ("Coca-Cola") moves to dismiss the Complaint because VIT has failed to state a plausible claim for infringement under Federal Rule of Civil Procedure 12(b)(6).

Within the last three years, VIT has asserted the '599 patent in 28 complaints in federal district courts. These cases usually settle within six months. In VIT's haste to file such complaints (VIT filed five other complaints on the same day as this one), VIT has failed to allege plausible infringement allegations, and its claims cannot be maintained beyond the pleading stage. This motion addresses the fatal defects in VIT's Complaint.

## II.    SUMMARY OF ARGUMENT: DISMISSAL IS PROPER UNDER RULE 12(b)(6) BECAUSE VIT FAILS TO PLAUSIBLY ALLEGE INFRINGEMENT

Coca-Cola cannot infringe the '599 patent as a matter of law. VIT asserts claims 1, 2, 8, and 9 of the '599 patent against Coca-Cola's use of an augmented reality technology called Skylight ("Accused Product"). Compl. ¶ 48. Each claim requires "an immersive virtual reality environment." '599 Pat., 16:6–38, 18:9–59, 18:60–20:12. The patent expressly defines this environment as "one in which a greater than 25 degree diagonal field of view is provided no more than 10 feet from the viewer." '599 Pat., 4:61–64. But the Accused Product indisputably has only a 15-degree field of view, and therefore cannot infringe.

The '599 patent further defines an "immersive virtual reality environment" as having "a computer generated graphical environment wherein a participant is 'immersed' within the environment so as to provide to the user a sensation of being physically located within the graphical environment, although the participant is only electronically present with other objects

within the environment," and "[t]herefore, an immersive virtual reality environment creates an illusion to the participant that he or she is in an artificially created environment through the use of three-dimensional (3D) graphics and computer software which imitates the relationship between the participant and the surrounding environment." '599 Pat., 1:33–46. The Accused Product is not "immersive." To function, it requires the user to retain a view of the real world they are operating in. D.I. 1–2. It also lacks any 3D graphics.

Neither fact discovery nor claim construction is necessary to appreciate these defects in VIT's Complaint. Nor can fact discovery or claim construction save VIT's irretrievably defective infringement allegations. The Court should dismiss the Complaint for failure to plausibly plead infringement.

## III.   LEGAL STANDARDS: TO AVOID DISMISSAL, A COMPLAINT MUST PLAUSIBLY ALLEGE INFRINGEMENT

A complaint must contain a "short and plain statement" demonstrating entitlement to relief. Fed. R. Civ. P. 8(a)(2). A complaint need not contain detailed factual allegations but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must show that its claim has "substantive plausibility." *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014); *Iqbal*, 556 U.S. at 678. A court should dismiss a claim for patent infringement where the pled facts demonstrate the implausibility of infringement. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018) (affirming dismissal of a complaint where the claim "cannot plausibly be construed to include or be the equivalent of a[n] [accused product], in view of the specification and the prosecution history"); *Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (affirming dismissal of a complaint where the plaintiff had to make allegations that, "by the very

2

terms of his patent, [he could not] realistically allege").

## IV. STATEMENT OF FACTS

VIT's Complaint asserts four claims of the '599 patent against Coca-Cola's use of the Skylight technology. Each of these claims requires an "immersive virtual reality environment." '599 Pat., 16:5–52, 18:9–59, 18:61–20:12. The Accused Product indisputably lacks an "immersive virtual reality environment," as that term is defined in the asserted claims. Claim construction of that term is unnecessary, because the patent explicitly defines that term and VIT has failed to present plausible allegations that the Accused Product infringes any asserted claim. Because no plausible interpretation of this claim term can cover the Accused Product, the Court should dismiss the Complaint.

### A. The '599 Patent Requires an "Immersive Virtual Reality Environment"

The '599 patent is directed to a "virtual reality performance theater." '599 Pat., Title, Abstract. The patent describes a system that places users in a virtual-reality environment generated by three-dimensional (3D) computer graphics. *Id.*, 3:10–22. In this virtual world, remote users interact with one another and with a performer. *Id.* ("a three-way interactive communication between participants, live and/or pre-recorded performers, and an immersive virtual reality environment"). The system "immers[es]" the user in the virtual-reality world—indeed, the user interacts not with the real world but with a world that only "imitates" reality. *See id.* 3:34–38 ("[A] plurality of participants enjoy immersion in a software-generated simulation."); 1:29–56 ("artificially created environment . . . which imitates the relationship between the participant and the surrounding environment"). The virtual-reality environment defined in the '599 patent is an artificially-created environment that does not include and entirely replaces elements of the user's real environment. *See id.* 1:34-46 ("a *computer generated graphical environment* . . . to provide to the user a *sensation* of being physically located within

the *graphical environment*, although the *participant is only electronically present* . . . . creates and illusion to the participant that he or she is in an *artificially created environment*") (emphasis added); *id.* 3:34-48 ("an interactive virtual reality environment in which a plurality of participants enjoy immersion in a *software-generated simulation* combined with live and/or pre-recorded performances.") (emphasis added).

Each asserted claim requires "an immersive virtual reality environment." '599 Pat., 16:5–52, 18:9–59, 18:60–20:12, and the patent's specification expressly defines "immersive virtual reality environment."

### 1.  An "Immersive Virtual Reality Environment" Must Have at Least a 25-Degree Field of View

The '599 patent states that "[a]n *immersive environment* . . . is *defined* as one in which a greater than 25 degree diagonal field of view is provided no more than 10 feet from the viewer." *Id.* 4:61–5:3 (emphases added); *see also id.* 6:38–48, 10:28–51. Therefore, to infringe the asserted claims, the Accused Product must have a diagonal field of view that is greater than 25 degrees.

### 2.  An "Immersive Virtual Reality Environment" Must Use 3D Graphics to Create the Illusion of a Computer-Generated Environment

The '599 patent further defines "immersive virtual reality environment":

> An immersive virtual reality environment, as used and described herein refers to a *computer generated graphical environment* wherein a participant is "*immersed*" within the environment so as to provide to the user *a sensation of being physically located within the graphical environment*, although the participant is only electronically present with other objects within the environment. Therefore, an immersive virtual reality environment *creates an illusion* to the participant that he or she is in an *artificially created environment* through the use of *three-dimensional (3D) graphics and computer software* which *imitates the relationship between the participant and the surrounding environment*.

*Id.* 1:34–46 (emphases added); *see Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 980 (Fed. Cir. 1995), *aff'd* 517 U.S. 370 (1996) ("[A] patentee is free to be his own lexicographer.

4

The caveat is that any special definition given to a word must be clearly defined in the specification.").

Courts hold that the phrase "as used herein" is definitional language. *See Andover Healthcare, Inc. v. 3M Co.,* C.A. No. 13-843-LPS, 2015 WL 2227786, at *5 (D. Del. May 11, 2015) (finding, "[t]he specification provides an express definition for an inherently crystalline structure: 'As used herein, "inherently crystalline" or "inherently capable of crystallization" means . . .'"); *Intellectual Ventures I LLC v. AT&T Mobility LLC,* C.A. No. 12-193-LPS, 2015 WL 1393386, at *8 (D. Del. Mar. 24, 2015) (finding patentee, by using "as used herein" language "acted as his own lexicographer by expressly defining" the term at issue)*; Intel Corp. v. Broadcom Corp.*, 172 F. Supp. 2d 478, 490 (D. Del. 2001) (finding inventors, by invoking "as used herein" language, "expressly define[d] the term 'node' as used in the patent, [and] that the inventors ha[d] chosen to be their own lexicographer with respect to this term and ha[d] stated their special definition of the term in the patent specification.").

This '599 patent's definition requires two constraints: (1) it must be "immersive" and manufacture a sensation or illusion of being present in an artificial or virtual world; and (2) it must be created using 3D computer-generated graphics.

### 3. The '599 Patent Disclaims Trumbull—a System Using Live Video and Computer Graphics—as Insufficiently "Immersive"

The '599 patent's specification provides an illustration of a system that is *not* "immersive"—U.S. Patent No. 5,795,228 ("Trumbull"). The patent describes Trumbull as prior art that lacked "the enhancements of *immersion devices or methods*" provided by the invention of the '599 patent. '599 Pat., 2:1–13 (emphasis added). The specification explains that the Trumbull "system itself is *not* within a *virtual reality environment* and therefore *lacks the immersive effects*." *Id.* 2:38–52 (emphases added).

5

Trumbull describes many aspects common to the '599 patent, including, for example, an "entertainment system which features pre-recorded scenes, live video and computer graphics in an interactive environment." Ex. D, 3:8–11.[1] Trumbull also discloses "a substantial number of concurrent users" (both remote and local) who "connect[] . . . with each other, with their environment, and with various media." *Id.*, 3:12–24. Additionally, Trumbull discloses interaction with a "host," similar to the '599 patent's "performer." *Id.*, 14:9–58 ("incorporates . . . an image of a host"; "a user interacting with a host"); *see* '599 Pat., 3:10–22. Although the Trumbull reference appears extraordinarily similar to the '599 patent, the '599 patent specification makes clear that the significant distinction between the claimed invention and the Trumbull prior art is the "immersive" limitation.

**B.    The Accused Product Facilitates Communication and Document Sharing While Maintaining Contact with the User's Real-World Environment**

In the claim chart accompanying its Complaint, VIT identified Coca-Cola's use of Skylight as allegedly infringing the '599 patent. D.I. 1–2; Compl., ¶ 50. Documents that VIT cites in its claim charts demonstrate that the Accused Product utilizes a headset with glasses allowing a user to operate in the real world (e.g., to repair equipment). D.I. 1-2; Compl., ¶ 48-49; Ex. A, 3.[2]

---

[1] The Court may consider Trumbull on a motion to dismiss because it is a public record. *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014) (*citing Hockerson–Halberstadt, Inc. v. Avia Group Int'l, Inc.,* 222 F.3d 951, 957 (Fed. Cir. 2000) and *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("A court may also take judicial notice of the prosecution histories, which are 'public records.'")).

[2] Exhibit A is a true and correct copy of: https://www.coca-colacompany.com/stories/coca-cola-testing-augmented-reality-for-bottling-equipment-maint, as cited in Compl. ¶ 48. The Court may consider Ex. A, as it is explicitly relied upon in, and integral to, the Complaint. *See In re Chemed Corp., S'holder Derivative Litig.,* 2015 WL 9460118, at *1 (D. Del. Dec. 23, 2015) (*citing U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) *and Pension Benefit*



A technician wearing AR glasses can stream, in real time, what they see and hear to a colleague watching on a computer from anywhere in the world.

Google Glass headset

Ex. A, 3.

The headset—Google Glass—contains a forward-facing camera that allows a remote user—such as a supervisor—to view live video of what the headset user is viewing. *See Id.* at 2 ("A technician wearing AR glasses can stream, in real time, what they see and hear to a subject

---

*Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (on a motion to dismiss, courts can consider the complaint's allegations, attached exhibits, documents integral or explicitly relied upon in the complaint, and matters of public record, without converting the motion to one for summary judgment.)).

7

ME1 31084105v.2

matter expert watching on a computer screen from anywhere in the world."); Ex. B, 2[3] ("One key function has been remote assistance for machine maintenance."). The remote user and the headset user can capture, log, and discuss images from the live video. Ex. A, 2 ("A technician waring AR glasses can stream, in real time, what they see and hear to a subject matter expert[.] . . . Together they can forecast or address issue, capturing and logging photos, videos and voice dictated notes on the fly.").

1. **The Accused Product Has a 15-Degree Field of View**

VIT cannot state a plausible claim for infringement because the Accused Product does not meet the '599 patent's specifications for an "immersive" field of view. *See* '599 Pat., 4:61–5:3; *id.* Fig. 2. Figure 2 to the '599 patent is an orthogonal view of a computer display illustrating the inventor's definition of "immersive." *Id.* Whereas the '599 patent requires a 25º field of view, Google Glass's technical specifications explain that they provide for a "[h]igh resolution display [that] is the equivalent of a 25 inch [HD] screen from eight feet away." Ex. C, at 1.[4] This is the equivalent of a 15º field of view. This figure is calculated as follows:[5]

---

[3] Exhibit B is a true and correct copy of: https://arinsider.co/2017/12/15/friday-video-coca-cola-demonstrates-ars-bottom-line-impact/, as cited in Compl. ¶ 49.   The Court may consider Ex. B, as it is explicitly relied upon in, and integral to, the Complaint. *See supra,* n.3.

[4] Exhibit C is a true and correct copy of: https://support.google.com/glass/answer/3064128?hl=en#, stating the technical specifications of the Accused Product. The technical specifications of the Accused Product are integral to VIT's complaint for infringement. *See supra,* n.3.

[5] The '599 patent uses this same calculation method. The patent notes: "[A] computer terminal which has a 14 inch diagonal viewing length would require that the viewer be approximately 31.6 inches from the display in order for the display to qualify as 'immersive.'" '599 Pat., 6:36–48. Using these numbers in the equation shows that this is the method used by the patentee:

$$F.O.V. = 2\arctan\left(\frac{14 \text{ in}}{2 * (31.6 \text{ in})}\right) = 25°$$

The '599 patent, therefore, endorses this calculation methodology.

$$F.O.V. = 2\arctan\left(\frac{S}{2D}\right)$$

Where *F.O.V.* is the angle of the field of view (in degrees); S is the diagonal size of the virtual screen presented to the viewer (in inches); and D is the viewer's distance from virtual screen (in inches). *See* '599 Pat., Fig. 2. Substituting the figures in Figure 2[6] with Google Glass's technical specifications sheet results in the previously presented figure:

$$F.O.V. = 2\arctan\left(\frac{25 \text{ in}}{2*(8*12 \text{ in})}\right) = 15°$$

Thus, the Accused Product's 15-degree field of view cannot infringe the '599 patent.

  2.  **The Accused Product Allows the User to Communicate While Maintaining Maximum Contact with a Real-World Environment**

The Accused Product facilitates communication and the sharing of annotated documents while allowing the user to maintain contact with real-world surroundings. The accused headsets primarily provide the user with a view of the *real world*, and merely supplemented with artificial or virtual elements. For a user wearing the headset to perform an equipment maintenance task, for example, seeing and interacting with the real world is imperative. A primary purpose of the Accused Product is to *remove* distractions and allow the user to communicate while maintaining contact with their actual, real-world surroundings. Ex. A, 2 ("[T]echnicians . . . use AR to access maintenance and service information within their line of sight, while keeping their hands free."). The Accused Product allows the user to access written information in order to facilitate more effective interaction with the physical world, but it does not create a virtual environment. *Id.* ("The on-site tech can see checklists, forms and step-by-step guidance in his or her field of

---

[6] Taking the numbers shown in Figure 2, the field of view is 25˚ (F.O.V=2arctan(14/(2*31.6)) = 25˚).

vision.").

## V. ARGUMENT: THE COMPLAINT FAILS TO PLAUSIBLY PLEAD INFRINGEMENT

The Court should dismiss VIT's Complaint because VIT has not plausibly pled infringement. Fed. R. Civ. P. 12(b)(6). It is clear from the pleadings and facts integral to the Complaint that the Accused Product lacks the immersive virtual reality environment limitation found in each of the asserted claims.

### A. While the '599 Patent Requires a Greater than 25-Degree Field of View, the Accused Product Is Limited to a 15-Degree Field of View

As discussed above, the '599 patent limits the scope of the asserted claims to an "immersive" environment, having a "greater than 25 degree diagonal field of view." '599 Pat, 4:61–5:3. The technical specification for the Accused Product demonstrate that the Accused Product is limited to a 15-degree diagonal field of view. Ex. C, 1; *see supra* Section IV.B.1. VIT cannot plausibly allege or ever prove that the Accused Product includes "an immersive virtual reality environment," because it cannot prove that the Accused Product provides a field of view of greater than 25 degrees.

### B. The Accused Product Cannot Generate a Virtual Environment and Does Not Use 3D Graphics

The '599 patent explicitly defines "immersive virtual reality environment" as one that gives the user a "sensation" or "illusion" of being present in an artificial world comprised of 3D graphics that "imitates" the real world. '599 Pat., 1:34–46. But the publicly available documents incorporated into VIT's own infringement contention claim chart (D.I. 1–2) confirm that the headsets are transparent to the real world, since the purpose of the headsets is to facilitate real world activities (e.g., repairing a machine) where viewing and interacting with the real world is critical. As explained above, a primary objective each Accused Product is to improve safety and

allow the headset user *greater* contact with the *real* world—not a virtual one. Ex. A, 2 ("[T]echnicians . . . use AR to access maintenance and service information within their line of sight, while keeping their hands free.").

Furthermore, VIT has failed to identify *any* use of 3D graphics in the Accused Product, because there is none. *See* '599 Pat., 1:34–46 ("computer generated graphical environment . . . so as to provide to the user *a sensation of being physically located* within the graphical environment") (emphasis added). The Accused Product exists to enable voice communication and the sharing of—at most—written schematics. Ex. A, 2 ("[T]echnicians . . . use AR to access maintenance and service information within their line of sight, while keeping their hands free."; "The on-site tech can see checklists, forms and step-by-step guidance in his or her field of vision.").

### C. The Accused Product Is Less "Immersive" than Trumbull, Which the '599 Patent Disclaimed as *Not* Sufficiently "Immersive"

The '599 patent further defines "immersive" by disclaiming what it is *not*. The '599 patent says that the Trumbull prior art is *not* "immersive," even though Trumbull allows for audio and visual communication between users and a host, in conjunction with computer graphics. Comparing Trumbull to the Accused Product, it becomes even more apparent that the Accused Product does not contain an "immersive" environment. The Accused Product is indisputably *even less* "immersive" than the system described in Trumbull. While Trumbull describes "computer graphics in an interactive environment," the Accused Product—at most—allows a headset user to receive written schematics. Ex. A, 2. The Accused Product does not generate an "interactive environment" or even utilize computer graphics beyond simple 2D annotations. If Trumbull, with its "computer graphics in an interactive environment" is dismissed

11

by the inventor of the '599 patent as not "immersive," then VIT cannot plausibly allege that the Accused Product is "immersive."

### D.   Dismissal Is Proper Where the Pled Facts Demonstrate—As Here—The Implausibility of Infringement

Dismissal is proper where the pled facts demonstrate the implausibility of infringement. In *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1139 (Fed. Cir. 2018), for instance, the Federal Circuit affirmed dismissal of a complaint for failing to plausibly allege infringement. In that case, the patent claimed a "book holder" and the accused product contained a "camera holder." *Id.* The court found that "in view of the specification and prosecution history," that the "book holder" limitation "[could not] plausibly be construed to include . . . a camera holder." *Id.* Because the claim *required* a "book holder" and the facts showed that the accused system did not have a book holder, the Federal Circuit affirmed the district court's dismissal under Rule 12(b)(6).

Similarly, here the independent claims of the '599 patent all require an "immersive virtual reality environment." As explained above, VIT cannot plausibly allege that the Accused Product contains an "immersive virtual reality environment." The patent requires that at a minimum, an immersive virtual reality environment must include at least a "25 degree diagonal field of view." '599 Pat., 4:61–5:3. But the Accused Product's hardware provides for only a 15-degree diagonal field of view. Ex. C, 1; *see supra* Section IV.B.1. This express definition, therefore, precludes any plausible allegation that the Accused Products infringe any claim of the '599 patent. This Court should dismiss the Complaint for this reason alone.

Additionally, the patent requires an "immersive" environment and extensive use of 3D graphics. '599 Pat., 1:29–46. But the Accused Product does nothing of the sort. The patent requires user "immersion" to create a "sensation" or "illusion" of being present in a computer-generated world. '599 Pat., 1:29–46. By contrast, the Accused Product always retains for the user

12

a primary view of the real world, never "immersing" the user in a virtual world since doing so would render the headsets obsolete for their intended use (e.g., repairing equipment). Ex. A, 2; Ex. B, 2. These facts are not fairly subject to dispute. VIT has pled no facts to the contrary. These objective measures, based on VIT's own pleadings, demonstrate the fundamental implausibility of VIT's allegations. *See Desenberg v. Google, Inc.*, 392 F. App'x 868, 871 (Fed. Cir. 2010) (affirming dismissal of a complaint when the plaintiff had to make allegations that he "by the very terms of his patent, [could not] realistically allege"); *Cumberland Pharm. Inc. v. Sagent Agila LLC*, C.A. No. 12-825-LPS, 2013 WL 5913742, at *2 (D. Del. Nov. 1, 2013) (dismissing a complaint where "[e]very claim of the . . . patent expressly requires a formulation that is 'free of a chelating agent'" and the evidence in the complaint established that the accused product "contains EDTA, which is 'a chelating agent'"); *Amgen Inc. v. Coherus Biosciences Inc.*, C.A. No. 17-546-LPS, 2018 WL 1517689, *2–*3 (D. Del. Mar. 26, 2018) (dismissing a complaint where the accused product fell within the scope of what "the patentee dedicated to the public" in its "clear and unmistakable surrender of claim scope"); *Howard v. Ford Motor Co.*, C.A. No. 16-127, 2016 WL 4077260, *4–*5 (S.D. Miss. July 29, 2016) (dismissing a complaint where the claims required that the disengagement of a car's seat belt disabled "the 'vehicle heater' or one or more of the 'air heating and air condition' systems" but where facts showed that the accused products did not contain that feature).

## VI.   CONCLUSION

The Court should dismiss VIT's complaint for failure to plausibly allege infringement because the Accused Device cannot meet the limitation "immersive virtual reality environment" as that term is defined by the '599 patent. First, the '599 patent requires that an "immersive environment" have a greater than 25 degree diagonal field of view. However, the diagonal field of view for the Accused Device is only 15 degrees, and therefore does not meet this limitation.

13

Second, an "immersive virtual reality environment" is defined by the '599 patent as creating "an artificial environment through the use of three-dimensional (3D) graphics and computer software which imitates the relationship between the participant and the surrounding environment." The Accused Device, however, unquestionably does not create such an environment. Therefore, the case should be dismissed for the Complaint's failure to plausibly allege infringement.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 1, 2019 | MCCARTER & ENGLISH, LLP |
|  | */s/ Daniel M. Silver*<br>Michael P. Kelly (#2295)<br>Daniel M. Silver (#4758)<br>Alexandra M. Joyce (#6423)<br>Renaissance Centre<br>405 N. King St., 8th Fl.<br>Wilmington, DE 19801<br>(302) 984-6301<br>mkelly@mccarter.com<br>dsilver@mccarter.com<br>ajoyce@mccarter.com<br><br>*Attorneys for Defendant* |

14